UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

T. WARREN,[1]

        Plaintiff,

  v.                9:18-CV-0852
                     (GTS/DJS)

MARCY RMHU CORRECTIONAL FACILITY,[2]

        Defendant.
_____

APPEARANCES:

T. WARREN
15-A-1809
Plaintiff, pro se
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902

GLENN T. SUDDABY
Chief United States District Judge

**DECISION AND ORDER**

## I. INTRODUCTION

  Plaintiff T. Warren commenced this action pro se by filing a civil rights complaint

together with an application for leave to proceed in forma pauperis. Dkt. No. 1 ("Compl.");

---

 [1] In the "Parties" section of the amended complaint, plaintiff states his name as "Warren t (T)." Dkt. No. 11 ("Am. Compl.") at 1. However, a review of the website for the Department of Corrections and Community Supervision ("DOCCS") shows that the name of the person incarcerated under identification number 15-A-1809 is T. Warren. *See* http://nysdoccslookup.doccs.ny.gov (last visited January 3, 2019). The Court will refer to plaintiff by his name as shown on the DOCCS website.

 [2] This action was originally filed in the District of New Jersey, where the defendant was identified as "MARCY RMHL CORRECTIONAL FACILITY." *See* Dkt. No. 2. The case was transferred to the Northern District of New York from the District of New Jersey on July 20, 2018. *See* Dkt. No. 3. The Clerk for the Northern District of New York has re-named the defendant as "MARCY RMHU CORRECTIONAL FACILITY."

Dkt. No. 7 ("IFP Application"). By Decision and Order of this Court filed October 26, 2018, plaintiff's IFP Application was granted but following review of the complaint in accordance with 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b), the Court found that the complaint was subject to dismissal for failure to state a claim upon which relief may be granted. Dkt. No. 10 (the "October 2018 Order"). In light of his pro se status, plaintiff was afforded an opportunity to submit an amended complaint. *Id.* Presently before this Court is plaintiff's amended complaint. *See* Am. Compl.

## II. DISCUSSION

### A. The Complaint

In the original complaint, plaintiff asserted Eighth Amendment claims against "Marcy RMHU Correctional Facility" based on allegations that unidentified inmates housed in the Residential Mental Health Unit ("RMHU") escaped physical restraints while attending programs and "attack[ed] other inmates still locked to [their] chair[s]." Compl. at 1, 5-6. Plaintiff sought only non-monetary relief. *Id.* at 7.

The Court dismissed plaintiff's claims without prejudice on the grounds that the named defendant was immune from suit for monetary and retroactive injunctive and declaratory relief under the Eleventh Amendment, and plaintiff's relocation to Elmira Correctional Facility following the alleged events giving rise to his claims mooted any claim for prospective declaratory or injunctive relief. *See* October 2018 Order at 5-7.

### B. Review of the Amended Complaint

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the October 2018 Order and it will not be restated in this Decision and Order. *See* October 2018 Order at 2-4.

Plaintiff's amended complaint names as defendants Corrections Officer S. Crandal, the "Escort C.O." from Marcy Correctional Facility, and Corrections Officer M. Wyochack. *See* Am. Compl. at 1-2. Although plaintiff's amended complaint is not a model of clarity, he appears to allege that Corrections Officer Wyochack, employed at Elmira Correctional Facility, "delivered a utility knife" to an unidentified "White Spanish inmate" at Marcy Correctional Facility, and Corrections Officer Crandal aided this inmate in possessing the weapon so that the inmate could attack a "Black inmate" who was restrained in a chair in the Marcy RHMU program area. Compl. at 2, 4-5. Plaintiff also appears to allege that the "Escort C.O." from Marcy Correctional Facility facilitated the assault by not properly securing the "White Spanish inmate" into a chair. *Id.* at 4-5.

The Court liberally construes these allegations to assert an Eighth Amendment failure-to-protect claim. Plaintiff seeks monetary damages and injunctive relief. Compl. at 6.

Under the Eighth Amendment, "prison officials have a duty . . . to protect prisoners from violence at the hands of other prisoners." *Farmer v. Brennan*, 511 U.S. 825, 833 (1994) (internal quotation marks and citation omitted). In *Farmer*, the Supreme Court set out the two-pronged test that determines when a failure to protect a prison inmate from assault by other inmates rises to the level of a constitutional violation. First, the prisoner must have been "incarcerated under conditions posing a substantial risk of serious harm." *Id.* at 834. Second, the prison official must have shown "deliberate indifference" to the prisoner's safety. *Id.* Deliberate indifference exists when "the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id.* at 837.

3

As an initial matter, plaintiff does not allege that he was the "Black inmate" that was attacked by the "White Spanish inmate," or otherwise suffered any injury as a result of the alleged attack. Inmates "lack[ ] standing . . . to assert . . . claims on other inmates' behalf." *Swift v. Tweddell*, 582 F. Supp. 2d 437, 449 (W.D.N.Y. 2008); *see also Singleton v. Wulff*, 428 U.S. 106, 113-14 (1976) (discussing the reasons why federal courts do not allow plaintiffs to assert a third party's constitutional claims on their behalf); *Kane v. Johns-Manville Corp.*, 843 F.2d 636, 643 (2d Cir. 1988) ("Generally, litigants in federal court are barred from asserting the constitutional . . . rights of others in an effort to obtain relief for injury to themselves."). Moreover, "[w]ithout any type of injury, [a] failure to protect claim may be dismissed." *Hill v. Bellinier*, No. 9:11-CV-392 (GTS/ATB), 2012 WL 2873639, at *6 (N.D.N.Y. Apr. 6, 2012), *report and recommendation adopted sub nom. Hill v. Bellnier*, 2012 WL 2873504 (N.D.N.Y. July 12, 2012); *Zimmerman v. Racette*, No. 9:17-CV-0375 (TJM/CFH), 2018 WL 3964704, at *6 (N.D.N.Y. Aug. 13, 2018) (denying motion for reconsideration and upholding decision dismissing failure-to-protect claims where the complaint failed to allege that plaintiff "was actually physically injured"); *Cruz v. Hillman*, No. 01-CV-4169, 2002 WL 31045864, at *8 (S.D.N.Y. May 16, 2002) (granting motion to dismiss when plaintiff suffered only "much mental anguish . . . worry and grief," noting that fear of assault was insufficient to support an Eighth Amendment claim).

Additionally, even if the Court were to assume that plaintiff was the "Black inmate" who was attacked by the "White Spanish inmate," plaintiff's allegations of an orchestrated conspiracy between the "White Spanish inmate" and three corrections officials -- one of whom was employed at a different facility -- to facilitate an attack on plaintiff are wholly speculative and conclusory. The complaint does not contain any allegations of a history

4

between the "White Spanish inmate" and plaintiff.  Nor does it contain any allegations explaining how or why Corrections Officer Wyochack, a corrections official at Elmira Correctional Facility, would deliver a weapon to an inmate at Marcy Correctional Facility, or how either Corrections Officer Crandal or the "Escort C.O." knew that the "White Spanish inmate" possessed this weapon.  Furthermore, the complaint lacks allegations which plausibly suggest that any of the newly named defendants were aware, prior to the alleged attack, that plaintiff was at risk of harm.

Conclusory allegations that a corrections official knew or should have known of an impending risk of harm are not enough to satisfy the "deliberate indifference" prong of a failure-to-protect claim.  *See, e.g., Blandon v. Capra*, No. 17-CV-65, 2017 WL 5624276, at \*8 (S.D.N.Y. Nov. 20, 2017) ("[A]side from a conclusory allegation that '[D]efendants[ ] w[ere] fully aware of [the] unsafe condition and refused to take any measures whatsoever to protect the safety of the most vulnerable mental health offenders,' the Complaint is devoid of any allegations that any Defendant specifically knew that Ebanks was infected with HIV or Hepatits C, that he had a propensity to assault other inmates, or that Plaintiff personally was in danger of being assaulted by Ebanks. . . . The Complaint therefore fails to allege that Defendants were 'aware of facts from which the inference could be drawn that' Ebanks specifically posed a substantial risk of harm to Plaintiff, or that Defendants in fact drew such an inference."); *Fernandez v. N.Y.C. Dep't of Corr.*, No. 08-CV-4294, 2010 WL 1222017, at \*4 (S.D.N.Y. Mar. 29, 2010) (dismissing failure-to-protect claim where the plaintiff alleged that he suffered injuries as a result of an altercation with another inmate, which occurred because a corrections officer "fail[ed] to station herself at her assigned area" because plaintiff had not pled "that he and [his attacker] were involved in a prior altercation, that [the attacker] had

previously threatened him, or that there was any other reason for officers at [the facility] to be on notice that there was a risk of altercation between [the] [p]laintiff and [his attacker]"); *Knight v. Wapinsky*, No. 3:12-CV-2023, 2013 WL 786339, at \*7 (M.D. Pa. Mar. 1, 2013) (holding that allegations as to one defendant were insufficient to plausibly suggest personal involvement where complaint alleged that all defendants were "well aware" of the plaintiff's circumstances, but did not allege how and when that defendant was advised of the circumstances).

Accordingly, after reviewing plaintiff's amended complaint, and according it the utmost liberality in light of his pro se status, the Court is not able to discern either a factual or legal basis for this action. For all of the reasons set forth herein, and because plaintiff has already had one opportunity to amend his claims, this action is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted pursuant to Section 1983.[3]

## III. CONCLUSION

**WHEREFORE**, it is hereby

**ORDERED** that the Clerk shall update the docket to add the following parties as defendants: (1) Corrections Officer S. Crandal, Marcy Correctional Facility; (2) "Escort C.O.," Marcy Correctional Facility; and (3) Corrections Officer M. Wyochack, Elmira Correctional Facility; and it is further

---

[3] Although plaintiff's federal constitutional claims are dismissed with prejudice, plaintiff is free to pursue any available state law claims in the appropriate state court.

**ORDERED** that this action alleging federal claims under Section 1983 is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.[4]  The Clerk is directed to terminate all of the defendants and close this case; and it is further

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED**.

Dated: January 4, 2019
Syracuse, NY

Hon. Glenn T. Suddaby
Chief U.S. District Judge

---

[4] Generally, when a district court dismisses a *pro se* action *sua sponte*, the plaintiff will be allowed to amend his action.  *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999).  However, an opportunity to amend is not required where the plaintiff has already been afforded the opportunity to amend.  *See Shuler v. Brown*, No. 9:07-CV-0937 (TJM/GHL), 2009 WL 790973, at *5 & n.25 (N.D.N.Y. March 23, 2009) ("Of course, an opportunity to amend is not required where the plaintiff has already amended his complaint."), *accord*, *Smith v. Fischer*, No. 9:07-CV-1264 (DNH/GHL), 2009 WL 632890, at *5 & n.20 (N.D.N.Y. March 9, 2009); *Abascal v. Hilton*, No. 9:04-CV-1401 (LEK/GHL), 2008 WL 268366, at *8 (N.D.N.Y. Jan.13, 2008); *see also Yang v. New York City Trans. Auth.*, 01-CV-3933, 2002 WL 31399119, at *2 (E.D.N.Y. Oct. 24, 2002) (denying leave to amend where plaintiff had already amended complaint once); *Advanced Marine Tech. v. Burnham Sec ., Inc.*, 16 F. Supp. 2d 375, 384 (S.D.N.Y. 1998) (denying leave to amend where plaintiff had already amended complaint once); *cf. Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial of leave to amend not abuse of discretion movant has repeatedly failed to cure deficiencies in pleading).